UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON CZARNECKI, *et al.*

    Plaintiffs,

  v.

THE KINGLAND COMPANY LTD., *et al.*,

    Defendants.

Case No. 2:21-cv-5031
JUDGE SARAH D. MORRISON
MAGISTRATE JUDGE JOLSON

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement ("Joint Motion") (ECF. No.16) executed by Plaintiffs Shannon and Kenneth Czarnecki., ("Plaintiffs') and Defendants the Kingland Company Ltd., Crosby Company Ltd., Mark Crosby, and Antoinette Crosby ("Defendants"). For the following reasons, the Joint Motion (ECF No. 16) is **GRANTED** and the Agreement is **APPROVED**.

### I.

Although Plaintiffs assert a collective wage-and-hour claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* , no collective was certified. Plaintiffs' claim is premised upon Defendant's alleged failure to properly compensate Plaintiff for all overtime hours worked. (ECF No. 1.)

Under the Agreement, Plaintiffs agree to dismiss the lawsuit with prejudice. (ECF No. 16-1.) Defendant, in turn, will pay $4,931.50 to Plaintiffs and $5095.50 to

The Spitz Law Firm for Plaintiffs' representation. (*Id.*) Each side will pay their own court costs. (*Id.*)

FLSA settlement agreements generally require approval by a district court or the United States Department of Labor. *See* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (Black, J.). "Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.*

Having reviewed the Settlement Agreement submitted to the Court as Exhibit 1 to the Joint Motion, as well as the pleadings and motions on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement Agreement. The Court finds that the Agreement resolves the disputes among the parties including those under the FLSA and resulted from arms-length negotiations between counsel after substantial investigation. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation and the stage of the

2

proceedings; the amount, if any, offered in the Settlement; and the experience and views of counsel for the Parties.

## II.

For the foregoing reasons, the parties' Joint Motion (ECF No. 16) is **GRANTED**. The Settlement Agreement and Release (ECF No. 16-1) is **APPROVED**. The claims are **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
